[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12501
Non-Argument Calendar
_____

D.C. Docket No. 6:13-cv-00367-CEH-DAB


GLORIA J. HOEGH,

Plaintiff - Appellant,


versus

EMERSON R. THOMPSON,
Judge, Ninth Judicial Circuit Court for Orange County, FL,
CYNTHIA Z. MACKINNON,
Judge, Ninth Judicial Circuit for Orange County, FL,
WILLIAM D. PALMER,
Judge, Fifth District Court of Appeals,
VINCENT G. TORPY, JR.,
Judge, Fifth District Court of Appeals,
KERRY I. EVANDER,
Judge, Fifth District Court of Appeals,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 5, 2015)

Before WILSON, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Gloria Hoegh brought a complaint in the United StatesDistrict Court for the Middle District of Florida against a number of Florida state circuit and district judges (Defendants), styled as a 42 U.S.C. § 1983 action.  Hoegh sought review of the conduct of a state court foreclosure action brought by Credit-Based Asset Servicing and Securitization, LLC, expressly referencing a provision of the Florida Constitution that she believes was violated by Defendants.  The district court dismissed the complaint after concluding that it lacked subject matter jurisdiction under *Rooker v. Fidelity Trust Co.*, which holds that a district court does not have jurisdiction to review judgments of state courts of competent jurisdiction based on purported constitutional violations.  *See* 263 U.S. 413, 415–16, 44 S. Ct. 149, 150 (1923).

We review dismissal of a complaint by the district court for lack of subject matter jurisdiction de novo.  *Miccosukee Tribe of Indians of Fla. v. United States,*

2

*EPA*, 105 F.3d 599, 602 (11th Cir. 1997).  The district court properly applied

*Rooker* and therefore did not err.  Accordingly, we affirm the dismissal.

**AFFIRMED.**